UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: _____

LARKIN EMERGENCY PHYSICIANS, LLC, a
Florida Corporation (o/b/o Member #
W244793877),

      Plaintiff,

v.

AETNA LIFE INSURANCE COMPANY, a
Foreign Corporation,

      Defendant.

_____/

**DEFENDANT AETNA LIFE INSURANCE COMPANY'S
NOTICE OF REMOVAL OF CIVIL ACTION**

Defendant Aetna Life Insurance Company ("Aetna") files this Notice of Removal of Civil Action brought by Plaintiff Larkin Emergency Physicians, LLC o/b/o Member # W244793877 ("Plaintiff") to the United States District Court, Southern District of Florida, Miami Division, pursuant to 28 U.S.C. §§ 1331 and 1446. The grounds in support of this Notice of Removal are as follows:

**I.   INTRODUCTION**

1. Plaintiff's Complaint seeks reversal of Aetna's denial of at least a portion of Plaintiff's claims for reimbursement for medical services that Plaintiff allegedly provided to members of employer-sponsored benefit plans governed by the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1001 *et seq.*

2. Plaintiff alleges that it submitted these claims as an assignee of the coverage benefits afforded to Aetna's members under the applicable plans, including the ERISA plans.

3. Accordingly, Plaintiff's Complaint is subject to complete preemption by ERISA, and it thus presents a federal question over which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1331. Removal of this case is therefore proper.

## II.    THE STATE COURT ACTION

4. Plaintiff filed a civil action against Aetna on or about May 17, 2021, in the 11th Judicial Circuit in and for Miami-Dade County, Florida, under Case No. 2021-017504-SP-23 (the "State Court Action"). This Notice is properly filed in the Miami Division of the Southern District of Florida because it is the district and division within which this action is pending. *See* 28 U.S.C. § 1446(a). True and correct copies of all materials listed in 28 U.S.C. § 1446(a) and Local Rule 7.2 are attached as **Composite Exhibit 1.**

5. Promptly after this notice, Aetna will file a notice of removal in the State Court Action. A true and correct copy of the Notice being filed with the 11th Judicial Circuit, in and for Miami-Dade County, Florida, is attached as **Exhibit 2**.

## III.    THIS NOTICE IS TIMELY

6. Plaintiff served Florida's Chief Financial Officer with the Summons and Complaint in this matter on June 10, 2021. The Chief Financial Officer forwarded the Summons and Complaint on July 2, 2021, which was the first date on which Aetna received a copy of the initial pleading setting forth the claim for relief upon which Plaintiff's action is based. This Notice of Removal of Civil Action is therefore timely pursuant to 28 U.S.C. § 1446(b)(1).

## IV.    ERISA COMPLETE PREEMPTION RAISES A FEDERAL QUESTION

7. Plaintiff's Complaint necessarily raises a federal question because Plaintiff's alleged state law claims are subject to complete preemption under ERISA. Therefore, the State

Court Action may be removed to this Court because it arises under the laws of the United States. *See* 28 U.S.C. §§ 1331, 1441(a).

8. In Count I of its Complaint, Plaintiff seeks recovery for what it contends was an underpayment relative to the "aggregate sum" billed to Aetna for services it allegedly provided to a member of a health plan associated with Aetna. *See, e.g.,* Compl., ¶¶ 34–52 (Count I); *see also* Compl., ¶¶ 27–28.

9. Aetna's review of the claims materials referenced in and, by necessity, incorporated into the Complaint confirm that the "aggregate" underpayment about which Plaintiff complains is the result of a coverage denial for at least one of the services Plaintiff included in its submission for reimbursement. *See* Declaration of John Privet ("Privet Dec."), which is attached in support of this notice of removal as **Exhibit 3**, at ¶¶ 7–8.

10. Plaintiff also alleges that the subject patients "executed a written assignment of benefits assigning to Plaintiff certain benefits payable pursuant to the Policy and also authorizing direct payment to Plaintiff of any insurance benefits otherwise payable" as part of its effort to recover damages for alleged breach of contract as a purported assignee and/or third-party beneficiary under these health benefit plans.[1] *Id.* at Compl. ¶ 39; *see also id.* at Compl. ¶ 34–52 (Count I).

11. Aetna's initial review of the Complaint, including the plan referenced and incorporated therein, also confirms that the plan Plaintiff put at issue was established by employers to furnish medical benefits plans for their employees and are therefore "employee welfare benefit plans" within the meaning of ERISA. *See* Privet Dec., ¶ 9.

---

1. Plaintiff appears to improperly comingle two different causes of action into a single count. Aetna reserves the right to address these and other issues as part of an appropriate motion or affirmative defense.

12. Removal of the State Court Action is therefore proper because Plaintiff's Complaint is subject to complete ERISA preemption. *See Gables Ins. Recovery, Inc. v. Blue Cross and Blue Shield of Fla., Inc.,* 110 F. Supp. 3d 1259, 1264-66 (S.D. Fla. 2015), *aff'd*, 813 F. 3d 1333 (11th Cir. 2015).

13. "The Supreme Court has set forth a two part test to determine whether a plaintiff's claims are completely preempted by ERISA." *Id.* at 16 (citing *Aetna Health Inc. v. Davila*, 542 U.S. 200, 209–211 (2004)). Claims are completely preempted if: (1) the plaintiff could have brought the claim under ERISA's civil enforcement provision, § 502(a);[2] and (2) there is no other legal duty independent of ERISA or the plan's terms that is implicated by a defendant's actions. *See id.* (citing *Conn. State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337, 1343 (11th Cir. 2009)). Both prongs are met here.

14. ***First***, Plaintiff could have brought its claims under § 502(a) because Plaintiff is a provider attempting to recover benefits that were denied under employer-sponsored healthcare plans pursuant to written assignments of benefits it obtained from Aetna's members. *See* Compl., ¶ 27–28 (seeking recovery resulting from an aggregate underpayment); Compl., ¶ 29 ("Member executed a written assignment of benefits assigning to Plaintiff certain benefits payable pursuant to the Policy and also authorizing direct payment to Plaintiff of any insurance benefits otherwise payable to or on behalf of Member."); *see also* Compl., ¶¶ 34-52 (Count 1: seeking damages for Aetna's purported failure to pay benefits as purported assignee of members' benefits under plans); *see also* Privet Dec., ¶ 8 ("[T]he aggregate amount billed by Larkin was not paid, at least in part, because one or more of the services Larkin submitted for reimbursement were not covered under [the ERISA] health benefit plan."); *see also* Privet Dec., ¶ 9.

---

2. *See* 29 U.S.C. § 1132(a).

15. **_Second_**, because Plaintiff is expressly suing under obligations purportedly incorporated into the plans themselves,[3] there is no other legal duty independent of ERISA or the plan's terms that is implicated by a defendant's actions. *See* Comp. Ex. 1 at Compl., ¶¶ 34-52 (expressly seeking recovery as an assignee of the plan arising from Aetna's alleged breach of the plans' terms). Plaintiff's claims in this lawsuit are therefore not based on any duty independent of ERISA or the ERISA plans' respective terms. *See Gables Ins. Recovery, Inc.*, 110 F. Supp. 3d at 1266 (citations and internal quotation marks omitted) ("If the right to payment derives from the ERISA benefit plan as opposed to another independent obligation, the resolution of a right to payment dispute requires an interpretation of the plan. . . . Thus, any determination of benefits under the terms of an ERISA plan, even regarding a seeming independent breach of oral or implied contract based on verification of those benefits, falls under ERISA and is a legal duty dependent on, not independent of, the ERISA plan.").

16. Because both prongs of the Supreme Court's test announced in *Davila* are met, Plaintiff's Complaint is subject to complete preemption by ERISA. *See Gables Ins. Recovery, Inc.*, 110 F. Supp. 3d at 1266.

17. Removal of this action is therefore proper pursuant to 28 U.S.C. § 1441(a). *See id.* at 1263-64.

V. CONCLUSION

18. In light of the above, ERISA provides this Court with federal question jurisdiction under the doctrine of complete preemption, and removal is therefore proper.

---

3. Aetna disputes that any of the statutory obligations under either Fla. Stat. § 627.64194 or Fla. Stat. § 641.513 are incorporated into the ERISA or any health benefit plan. Aetna reserves the right to challenge these allegations in an appropriate motion or as part of its affirmative defenses. For now, however, Plaintiff's claim is removeable based on the allegations on the face of the complaint.

Dated:  July 9, 2021  
      West Palm Beach, FL

Respectfully submitted,

*s/ David J. DePiano*  
DAVID J. DePIANO, ESQ.  
Florida Bar No. 55699  
E-Mail:  ddepiano@foxrothschild.com  
Fox Rothschild LLP  
777 S. Flagler Dr., Suite 1700  
West Palm Beach, Florida 33401  
Telephone:  (561) 835-9600  
Facsimile:  (561) 835-9602  

*Attorney for Defendant Aetna Life Insurance Company*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 9, 2021, the foregoing document was electronically filed and served on all counsel of record identified in the Service List below via E-Mail.

*s/ David J. DePiano*  
DAVID J. DePIANO, ESQ.

**SERVICE LIST**

*Larkin Emergency Physicians, LLC (o/b/o Member W#244793877)*
*v. Aetna Life Insurance Company*
Case No.: _____
United States District Court, Southern District of Florida

| | |
|---|---|
| Patrick R. Sullivan, Esq.<br>E-Mail: prs@lubellrosen.com<br>Mark L. Rosen, Esq.<br>E-Mail: mlr@lubellrosen.com<br>Sean B. Linder, Esq.<br>E-Mail: sbl@lubellrosen.com<br>Lubell \| Rosen<br>Museum Plaza, Suite 900<br>200 S. Andrews Ave.<br>Ft. Lauderdale, FL  33301<br>Tel:   (954) 880-9500<br>Fax:  (954) 755-2993<br>Attorneys for Plaintiff<br>*Via E-Mail* | David J. DePiano, Esq.<br>E-Mail: ddepiano@foxrothschild.com<br>Fox Rothschild LLP<br>777 S. Flagler Dr., Suite 1700<br>West Palm Beach, FL 33401<br>Tel:   (561) 835-9600<br>Fax:  (561) 835-9602<br>Attorney for Defendant |